10 CV 1308

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

        Plaintiff,

v.

UNITED STATES AGENCY FOR
INTERNATIONAL DEVELOPMENT,

        Defendant.



Civil Action

## **COMPLAINT FOR INJUNCTIVE RELIEF**

### **Preliminary Statement**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552, for injunctive and other appropriate relief, seeking the release of agency records

related to the unconstitutional expenditure of federal tax dollars, through the President's

Emergency Plan for AIDS Relief ("PEPFAR") program, on "religiously infused"

abstinence-only-until-marriage programs taught overseas.  By definition, abstinence-

only-until-marriage programs withhold from youth life-saving information about

contraception and condoms.

2.      Plaintiff filed a FOIA request after the Office of Inspector General of the U.S.

Agency for International Development ("USAID") issued an audit of certain faith-based

organizations that receive the most USAID funding.  In that audit, the Inspector General

identified government-funded religious abstinence-only-until-marriage curricula used

abroad that included instruction on Biblical stories and Biblical verses.

3.      In its response to the Inspector General's report, USAID admitted that some

curricula used in the abstinence-only-until-marriage programs overseas "reflect a

religious perspective and include religiously infused materials and religious references."

4.      Plaintiff seeks documents through the FOIA to understand whether Defendant

is properly monitoring grantees to ensure that federal funds are not spent on religious

activities in violation of the Establishment Clause of the First Amendment.  Indeed, as

indicated in the Inspector General's report, USAID has a history of unconstitutionally

funding religious abstinence-only-until-marriage programs in developing countries.

5.      Moreover, abstinence-only-until-marriage instruction fails to provide youth

with the tools they need to make healthy decisions.

6.      Indeed, providing information about and access to condoms is crucial in

preventing the spread of HIV/AIDS, and withholding this information can cause serious

harm to young people.

7.      Plaintiff filed FOIA requests with USAID on July 31, 2009, and September 9,

2009, seeking documents related to USAID's funding of abstinence-only-until-marriage

curricula abroad.  To date, Plaintiff has not received any documents responsive to its

request.

8.      Plaintiff is legally entitled to these documents, which were requested several

months ago.  Defendant has far exceeded the statutory and regulatory time limitations to

respond and has provided no documents or response.

**Jurisdiction and Venue**

9.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(4)(A)(vii).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

10.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in New York.

**Parties**

11.     Plaintiff American Civil Liberties Union Foundation ("ACLUF") is a 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.  The ACLUF has filed multiple FOIA requests pertaining to the government's policies.  The ACLUF is the litigation and communications arm of the American Civil Liberties Union ("ACLU").  The ACLU is a nationwide, non-profit, non-partisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality.

12.     Defendant USAID is a Department of the Executive Branch of the United States government.  USAID is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**USAID-Funded Religious Abstinence-Only-Until-Marriage Programs**

13.     For at least the last several years, USAID has implemented a program purportedly to combat HIV/AIDS called "HIV/AIDS Prevention through Abstinence and Behavior Change for Youth" or "ABY."  According to USAID, "the ABY program was designed to expand activities in support of abstinence-only-until-marriage, fidelity in

marriage and monogamous relationships, and avoidance of unhealthy behaviors among youth aged 10-24."

14.    USAID entered into fourteen funding contracts under this program with secular and faith-based organizations, and these organizations developed approximately 77 abstinence-only-until-marriage curricula to be taught to youth aged 10-24.

15.    Some of these curricula reflect a religious perspective and include religiously infused materials and religious messages.

16.    For example, one of the curricula contains an optional Biblical instruction, including a Bible story about Jesus and Zacchaeus.

17.    Another curriculum includes an optional "Biblical Application" using a psalm for "reflection or memorization."  Specifically, the program refers to Psalms 119:9: "How can a young man keep his way pure?  By living according to your word."  The "key concept" noted in this curriculum is that "God has a plan for sex and this plan will help you and protect you from harm."

18.    Though USAID sought guidance from the Department of Justice ("DOJ") in the summer of 2007 on whether foreign policy priorities "justified" the agency's funding of religious activities, USAID had not received final guidance at the time of the Inspector General's report, which was issued on July 22, 2009.

19.    Prior to the 2007 request to the DOJ, USAID sought guidance from the DOJ about whether other HIV/AIDS curricula funded in the ABY program and used in southern Africa violated the Establishment Clause.  In that instance, the Department of Justice told USAID that the curricula "crossed a line" and directed that they not be used.

20.     The Inspector General therefore noted that USAID faces "recurring questions about the applicability of the Establishment Clause overseas."

21.     The Inspector General recommended that USAID meet with the White House Office of Faith-Based and Neighborhood Partnerships.  USAID followed that recommendation.

22.     The Inspector General's report does not indicate the outcome of that meeting; whether USAID continues to fund religiously infused abstinence-only-until-marriage activities; or whether any further agency policies have been adopted on this matter.

23.     In addition to the ABY program, USAID also makes grants, using PEPFAR funds, to faith-based organizations through the New Partners Initiative ("NPI").  Upon information and belief, some faith-based organizations receive grants in this program to teach HIV/AIDS abstinence-only-until-marriage curricula, which may include religious activities.

24.     The constitutional violations in the context of abstinence-only-until-marriage programs are not isolated incidents.  For example, press reports indicate that USAID has also violated the Constitution by allowing one of its largest recipients of development grants, World Vision, to discriminate based on religion when hiring individuals to work on federally funded projects.

**The FOIA Requests and the Agency's Response**

25.     On July 31, 2009, Plaintiff sent a FOIA request to USAID via electronic mail requesting materials related to the ABY program, including requests for proposals, contracts with USAID, curricula used by grantees, communications between USAID and

the White House, and communications between USAID and its grantees about religious instruction in abstinence-only-until-marriage curricula. *See* Ex. A.

26.     On August 4, 2009, Plaintiff received an acknowledgment letter from USAID confirming that it had received the request.

27.     On August 6, 2009, Plaintiff received a letter indicating that Plaintiff would be considered a member of the news media, so the agency would not impose search fees, and would charge $.20 for each page after the first 100 pages.

28.     On September 9, 2009, Plaintiff sent an email to the assigned FOIA specialist, Carol Lewis, to check on the status of the request.  Ms. Lewis responded on September 10, 2009, and indicated that the agency was experiencing delays in processing the request and could not give a date certain by which they would send documents.

29.     On September 9, 2009, Plaintiff sent a new FOIA request via email to USAID regarding funding of abstinence-only-until-marriage curricula in the NPI to ascertain whether there were similar Establishment Clause problems as in the ABY program.

30.     The September 9 FOIA requested materials on the NPI program, including information about the goals of the program, use of religious curricula, grant announcements, communications between USAID and the White House about religious curricula, and communications between USAID and NPI grantees about the use of religious curricula. *See* Ex. B.

31.     On September 11, 2009, Plaintiff received an acknowledgment letter from USAID confirming that it had received the September 9 request.

32.     On September 15, 2009, Plaintiff received a letter indicating that Plaintiff would be considered a member of the news media for the September 9 request, so the

agency would not impose search charges, and would charge $.20 for each page after the first 100 pages.

33.    To date, Plaintiff has received no documents whatsoever in response to either FOIA request, including any explanation of Defendant's withholding of the records.

34.    Defendant has therefore failed to comply with the time limits imposed by the FOIA statute and Defendant's regulations.

35.    Under the FOIA statute, an agency must determine whether to comply with the request within 20 days (excluding weekends and legal holidays) after receiving it. 5 U.S.C. § 522 (a)(6)(A)(i). That time limit can be shortened to 10 days, if the requestor demonstrates a compelling need for the documents. *Id*. § 522 (a)(6)(E).

36.    Under USAID regulations, USAID must decide whether to release records within 10 working days, and must provide the records as soon as possible after that decision. 22 C.F.R. § 212.34(a).

37.    Only if there are unusual circumstances shall USAID take a maximum of 20 working days from the receipt of the request to respond. *Id*. at § 212.34(b)(2).

38.    Given that USAID has far exceeded the statutory and regulatory deadline for responding to Plaintiff's requests, Plaintiff has instituted this action to ask the Court to order Defendant to disclose the requested documents.

39.    Moreover, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) all duplication fees should be waived given that Defendant did not comply with the time limits imposed by the FOIA statute and USAID's corresponding regulations.

### Causes of Action

40.    Plaintiff repeats and realleges paragraphs 1-39.

41.    Defendant's failure to timely make available the records sought by Plaintiff's requests violates the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and Defendant's corresponding regulation, 22 C.F.R. § 212.34.

42.    Defendant's failure to make a reasonable effort to search for records responsive to the Plaintiff's requests violates the FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendant's corresponding regulation, 22 C.F.R. § 212.34.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

1.  Order Defendant to immediately process all requested records;

2.  Order Defendant to conduct a thorough search for all responsive records;

3.  Order Defendant to promptly disclose the requested records in their entirety and make copies available to Plaintiff;

4.  Enjoin Defendant from charging Plaintiff fees for the processing of their requests;

5.  Award Plaintiff its costs and reasonable attorneys' fees incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

6.  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Brigitte Amiri (BA-8497)
Rose A. Saxe (RS-0463)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY  10004

Phone: 212-549-2633
Fax: 212-549-2652

Daniel Mach*
Heather Weaver*
American Civil Liberties Union Foundation
915 15th Street, 6th Floor
Washington, DC 20005
Phone: (202) 675-2330
Fax: (202) 546-0738

Galen Leigh Sherwin (GS-1498)
New York Civil Liberties Foundation
125 Broad Street, 19th Floor
New York, NY 10004 – 2400
Phone: (212) 607-3300
Fax:    (212) 607-3318

* motion for *pro hac vice* filed

EXHIBIT A

LEGAL DEPARTMENT
REPRODUCTIVE
FREEDOM PROJECT

BRIGITTE AMIRI
...



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
REPRODUCTIVE
FREEDOM PROJECT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2633
F/212.549.2652
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

RICHARD ZACKS
TREASURER

July 31, 2009

By Electronic Mail
S. Lankford
FOIA Team Leader
Information & Records Division
Office of Administrative Services
United States Agency for International Development
Room 2.07C, RRB
Washington, D.C. 20523-2701
foia@usaid.gov

Dear S. Lankford:

This is a request for production of records under the Freedom of Information Act, 5 U.S.C. § 552, and the implementing regulations of the United States Agency for International Development (USAID) at 22 C.F.R. § 212.1 *et seq.*

### Definitions

For purposes of this request, the term "**materials**" includes but is not limited to any and all objects, writings, drawings, graphs, charts, tables, electronic or computerized data compilations, budgets, accountings, balance sheets or other financial statements, invoices, receipts, minutes, emails, electronic or computerized documents, photographs, audiotapes, videotapes, transcripts, drafts, correspondence, notes, notes of oral communications, and non-identical copies, including but not limited to copies with notations.

### Requests

Please provide the following materials from Fiscal Year 2004 until present:

1. All materials related to USAID's Abstinence and Behavior Change for Youth ("ABY") Program, including but not limited to:

   a. All materials demonstrating the contours of the

program, including the goals of the program and
limitations on how the funds should be spent;

b. Any requests for proposals, announcement of funding
opportunities, or any other information about the
availability of grants under the ABY program;

c. Any agreements or contracts between private entities
and USAID to provide abstinence education through a
grant from the ABY program;

d. The curricula or other materials used by grantees in the
ABY program referenced in the Office of Inspector
General's Audit of USAID's Faith-Based and
Community Initiatives, No.9-000-09-009-P, Appendix
II at 25 (July 22, 2009);

2. All materials related to communications between
USAID and the White House Office of Faith-Based and
Neighborhood Partnerships, including but not limited to the
meeting on April 21, 2009, about the use of religious
instruction, references, and activities in curricula used in the
ABY program.

3. All material related to communications between USAID
and its grantees and/or potential grantees in the ABY program
about the limitations or restrictions on the use of religious
instruction, references, or activities in abstinence curricula.

4. All materials related to or identifying any statutory and
regulatory basis and authorization for the ABY program,
including but not limited to any congressional enactments or
appropriations to provide for the ABY program.

We request that you produce responsive materials in their entirety,
including all attachments, appendices, enclosures and/or exhibits. However, to
the extent that a response to this request would require USAID to provide
multiple copies of identical material, the request is limited so that only one copy
of the identical material is requested.

In the event you determine that materials contain information that falls
within the statutory exemptions to mandatory disclosure, we request that such

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

information be reviewed for possible discretionary disclosure. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979). We also request that, in accordance with 5 U.S.C. § 552(b), any and all reasonably segregable portions of otherwise exempt materials be produced. To the extent the request is denied, we expect to receive notice in writing, including a description of the information withheld, the reasons for denial, and any exemptions relied upon. *See* 22 C.F.R. § 212.36(a).

## Fee Waiver

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

We request that the fees associated with this request be waived because (1) disclosure is in the public interest and the Requestor does not seek the records for commercial purposes, and (2) the Requestor is considered a member of the news media.

Under § 212.35(e), fees should be waived or reduced if disclosure is (1) in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and (2) not primarily in the commercial interest of the requester. *See also* 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure in this case meets both of these tests, and a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'").

The records pertain directly to the operations and activities of the federal government, and more specifically USAID as an administrator of federal taxpayer funds. In particular, the records include the use of USAID funded abstinence education curricula and whether such funds were used constitutionally. Ensuring adherence to the Constitution is in the public interest. Moreover, disclosure will advance the understanding of the general public. This FOIA request seeks information about government funded abstinence-only programs. The ACLU has significant knowledge and expertise regarding abstinence education programs, as demonstrated by publications written by ACLU staff and litigation brought by the organization to challenge funding of certain abstinence education programs.[1] *See* Lorraine Kenny and Julie Sternberg, *Abstinence-Only in the Courts*, SIECUS Report, volume 31, number 6 (Fall 2003); www.takeissuetakecharge.org (an ACLU website currently devoted to providing fact sheets, news articles, studies, and other

---

[1] Because the ACLU meets the test for a fee waiver, fees associated with responding to FOIA requests are regularly waived for the ACLU, or the ACLU is not charged fees. For example, ACF waived the fees associated with abstinence-related FOIA requests in 2005-2009.

information on sexuality education, particularly abstinence programs); *ACLU of Massachusetts v. Leavitt*, No. 05-11000-JLT (D. Mass.); *ACLU of Louisiana v. Foster*, No. 02-1440 (E.D. La.). A review of the requested documents will permit us to assess, and bring to light any issues with, the disbursement and use of taxpayer dollars intended to promote abstinence only programs. Because the ACLU has expertise regarding the subject matter of the information requested, we are in a position to contribute to public understanding. Lastly, disclosure is not in the Requesters' commercial interest. The Requesters have no intention of applying for any of the funding mentioned in this request.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Furthermore, the ACLU meets the definition of a representative of the news media because it is "an entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." *National Sec. Archive v. Department of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). *See also* 22 C.F.R. § 212.35(a)(8) (defining representative of the media as a publisher of periodicals that make their products available to the general public, and an entity that distributes news through alternative forms of media). The ACLU regularly gathers information on issues of public significance; uses its editorial skills to turn that information into distinct publications such as reports, newsletters, right-to-know pamphlets, fact sheets, and other educational materials; and distributes those materials to the general public through various channels, such as its heavily subscribed Web site (**www.aclu.org**), and newsletter sent to its more than 400,000 members, as well as an electronic newsletter, which is distributed to subscribers by e-mail. The ACLU is therefore a "news media entity." *Cf. Electronic Privacy Information Ctr. v. Department of Defense*, 241 F.Supp.2d 5, 10-15 (D.D.C. 2003) (finding non-profit public interest group that disseminated an electronic newsletter and published books was a "representative of the media" for purposes of FOIA).

Accordingly, the ACLU requests that the fees be waived. In the event that you decide not to waive the fees, if you determine that the fees authorized by 5 U.S.C. § 552(a)(4)(A) and 22 C.F.R. § 212.35 will exceed $200, please provide us with prior notice so that we can discuss arrangements.

\* \* \*

We look forward to a determination on this request from you within 10 (ten) working days pursuant to 22 C.F.R. § 212.34(a). Thank you for your prompt attention to this request. Please call Brigitte Amiri at (212) 519-7897 if you have any questions or wish to obtain further information about the nature of the documents in which we are interested. The records

should be sent to Brigitte Amiri, ACLU, 125 Broad Street, 18th Floor, New York, NY 10004.

Sincerely,

Brigitte Amiri

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Daniel Mach

# EXHIBIT B

**ACLU** FOUNDATION

**AMERICAN CIVIL LIBERTIES UNION**

September 9, 2009

<u>By Electronic Mail</u>
S. Lankford
FOIA Team Leader
Information & Records Division
Office of Administrative Services
United States Agency for International Development
Room 2.07C, RRB
Washington, D.C. 20523-2701
*foia@usaid.gov*

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
LEGAL DEPARTMENT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

RICHARD ZACKS
*TREASURER*

Dear S. Lankford:

This is a request for production of records under the Freedom of Information Act, 5 U.S.C. § 552, and the implementing regulations of the United States Agency for International Development (USAID) at 22 C.F.R. § 212.1 *et seq.*

### Definitions

For purposes of this request, the term "**materials**" includes but is not limited to any and all objects, writings, drawings, graphs, charts, tables, electronic or computerized data compilations, budgets, accountings, balance sheets or other financial statements, invoices, receipts, minutes, emails, electronic or computerized documents, photographs, audiotapes, videotapes, transcripts, drafts, correspondence, notes, notes of oral communications, and non-identical copies, including but not limited to copies with notations.

### Requests

Please provide the following materials from Fiscal Year 2004 until present:

    1.  Materials related to USAID's New Partners Initiative ("NPI"), including:

1

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

a.  All materials demonstrating the contours of the program, including the goals of the program, limitations on how the funds should be spent, and accountability procedures set up for monitoring use of the funds;

b.  All materials referring, relating, or evidencing the use of religious curricula, instruction, references, or activities by any recipient or potential recipient of NPI grants or funds, including but not limited to site-visit reports and investigation documents created, submitted, or otherwise maintained by in-country personnel and/or grant managers;

c.  All requests for proposals, announcements of funding opportunities, or any other information about the availability of NPI grants or funds for the purpose of providing HIV/AIDS  prevention services;

d.  All agreements or contracts between private entities and USAID to provide HIV/AIDS prevention services with NPI grants or funds;

e.  All documents reflecting past and/or planned future disbursements of NPI grants or funds for the purpose of providing HIV/AIDS prevention services.

2.   All materials related to communications between USAID, the Office of the Global AIDS Coordinator, and/or the White House Office of Faith-Based and Neighborhood Partnerships about the use of religious curricula, instruction, references, and activities by any recipient or potential recipient of NPI grants or funds.

3.   All materials related to communications between USAID and its grantees and/or potential NPI grantees about the limitations or restrictions on the use of religious curricula, instruction, references, or activities in providing HIV/AIDS prevention services.

4.   All materials related to or identifying any statutory and regulatory basis and authorization for the NPI program, including but not limited to any congressional enactments or appropriations to provide for the NPI program.

5.   All materials relating or referring to efforts to recoup or recover from recipients those grants or funds awarded under NPI or the Abstinence and Behavior Change for Youth ("ABY") Program, which

were used to promote religious curricula, instruction, references, or activities, including but not limited to:

> a.  All materials referring or relating to the procedures available to recoup or recover USAID funds used by recipients in violation of their contracts with USAID, USAID policy, or U.S. law, including but not limited to policies, guidelines, and/or materials reflecting any statutory or regulatory basis for recoupment;

> b.  All materials evidencing the actual return of NPI or ABY grants or funds used to promote religious curricula, instruction, references, or activities.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

We request that you produce responsive materials in their entirety, including all attachments, appendices, enclosures and/or exhibits. However, to the extent that a response to this request would require USAID to provide multiple copies of identical material, the request is limited so that only one copy of the identical material is requested.

In the event you determine that materials contain information that falls within the statutory exemptions to mandatory disclosure, we request that such information be reviewed for possible discretionary disclosure. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979). We also request that, in accordance with 5 U.S.C. § 552(b), any and all reasonably segregable portions of otherwise exempt materials be produced. To the extent the request is denied, we expect to receive notice in writing, including a description of the information withheld, the reasons for denial, and any exemptions relied upon. *See* 22 C.F.R. § 212.36(a).

## Fee Waiver

We request that the fees associated with this request be waived because (1) disclosure is in the public interest and the Requestor does not seek the records for commercial purposes, and (2) the Requestor is considered a member of the news media. Under § 212.35(e), fees should be waived or reduced if disclosure is (1) in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and (2) not primarily in the commercial interest of the requester. *See also* 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure in this case meets both of these tests, and a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'").

3

The requested records pertain directly to the operations and activities of the federal government, and more specifically, to USAID as an administrator of federal taxpayer funds. In particular, the requested records pertain to the use of USAID funds to operate HIV/AIDS prevention services, including abstinence-education programs, and whether such funds were used constitutionally. Ensuring adherence to the Constitution is in the public interest. Moreover, disclosure will advance the understanding of the general public. The ACLU has significant knowledge and expertise regarding government-funded religious programs, including religious abstinence- education programs, as demonstrated by publications written by ACLU staff and litigation brought by the organization to challenge funding of certain abstinence-education programs.[1] *See* Lorraine Kenny and Julie Sternberg, *Abstinence-Only in the Courts*, SIECUS Report, volume 31, number 6 (Fall 2003); www.takeissuetakecharge.org (an ACLU website currently devoted to providing fact sheets, news articles, studies, and other information on sexuality education, particularly abstinence programs); *ACLU of Massachusetts v. Leavitt*, No. 05-11000-JLT (D. Mass.); *ACLU of Louisiana v. Foster*, No. 02-1440 (E.D. La.).

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

A review of the requested documents will permit us to assess, and bring to light any issues with, the disbursement and use of taxpayer dollars intended to promote religious HIV/AIDS prevention programs. Because the ACLU has expertise regarding the subject matter of the information requested, we are in a position to contribute to public understanding. Lastly, disclosure is not in the Requesters' commercial interest. The Requesters have no intention of applying for any of the funding mentioned in this request.

Furthermore, the ACLU meets the definition of a representative of the news media because it is "an entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." *National Sec. Archive v. Department of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). *See also* 22 C.F.R. § 212.35(a)(8) (defining representative of the media as a publisher of periodicals that make their products available to the general public, and an entity that distributes news through alternative forms of media). The ACLU regularly gathers information on issues of public significance; uses its editorial skills to turn that information into distinct publications such as reports, newsletters, right-to-know pamphlets, fact sheets, and other educational materials; and distributes those materials to the general public through various channels, such as its heavily subscribed Web site (www.aclu.org), and newsletter sent to its more than 400,000 members, as well as an electronic newsletter, which is distributed to subscribers

---

[1] Because the ACLU meets the test for a fee waiver, fees associated with responding to FOIA requests are regularly waived for the ACLU, or the ACLU is not charged fees. For example, the Administration for Children and Families waived the fees associated with abstinence-related FOIA requests in 2005-2009

by e-mail.  The ACLU is therefore a "news media entity."  *Cf. Electronic Privacy Information Ctr. v. Department of Defense*, 241 F.Supp.2d 5, 10-15 (D.D.C. 2003) (finding non-profit public interest group that disseminated an electronic newsletter and published books was a "representative of the media" for purposes of FOIA).

Accordingly, the ACLU requests that the fees be waived.  In the event that you decide not to waive the fees, if you determine that the fees authorized by 5 U.S.C. § 552(a)(4)(A) and 22 C.F.R. § 212.35 will exceed $200, please provide us with prior notice so that we can discuss arrangements.

* * *

We look forward to a determination on this request from you within 10 (ten) working days pursuant to 22 C.F.R. § 212.34(a).  Thank you for your prompt attention to this request.  Please call Brigitte Amiri at (212) 519-7897 if you have any questions or wish to obtain further information about the nature of the documents in which we are interested.  The records should be sent to Brigitte Amiri, ACLU, 125 Broad Street, 18th Floor, New York, NY  10004.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Sincerely,

Brigitte Amiri
Daniel Mach